EXECUTION VERSION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK            **UNDER SEAL**
———————————————————x

MATTER OF CITI REPLACEMENT FILINGS            Case No. 11-00405
                                              (CGM)

———————————————————x

### STIPULATION AND ORDER RESOLVING THE
### OBJECTION OF THE UNITED STATES TRUSTEE

TO:   THE HONORABLE CECELIA G. MORRIS
      CHIEF UNITED STATES BANKRUPTCY JUDGE:

   WHEREAS, on September 7, 2011, CitiMortgage, Inc., Citibank, N.A., CitiFinancial, Inc., Citicorp Trust Bank, FSB, CitiFinancial Credit Company, CitiFinancial Auto, Ltd., CitiFinancial Auto Corporation, and CitiFinancial Auto Credit Corporation (together with their affiliates and subsidiaries, "Citi") filed motions pursuant to section 107(c) of title 11 of the United States Code (the "Bankruptcy Code") seeking entry of an order: (i) directing the Clerk of the Court to restrict remote electronic access to certain specified filings and authorizing Citi to make replacement filings (the "*Ex Parte* Motion") and (ii) authorizing, *inter alia*, Citi to file the *Ex Parte* Motion under seal (the "Sealing Motion," and together with the *Ex Parte* Motion, the "Motions");

   WHEREAS, Citi averred in the *Ex Parte* Motion that certain of its filings contained imperfectly redacted personally identifiable information ("PII") in this and other judicial districts;

   WHEREAS, Citi attached to the *Ex Parte* Motion a list of imperfectly redacted filings in this judicial district (the "S.D.N.Y. Designated Filings");

   WHEREAS, on October 6, 2011, the United States Trustee for Region 2 (the "United States Trustee for Region 2"), filed an objection (the "Objection") to the Motions averring, *inter alia*, that Citi's filings failed to comply with provisions of the Bankruptcy Code and Rules including Federal Rule of Bankruptcy Procedure 9037 ("Rule 9037");

   WHEREAS, the United States Trustee for Region 2 and Citi (together, the "Parties") have agreed to resolve the Objection by the terms of this Stipulation Resolving the Objection of the United States Trustee (the "Stipulation");

   WHEREAS, section 107(c)(1) of the Bankruptcy Code provides that the Court may protect individuals whose PII is contained in court filings to the extent that disclosure of such information would create undue risk of identity theft or other unlawful injury;

WHEREAS, Rule 9037(a) requires the redaction of PII in electronic filings with the bankruptcy court, and Rule 9037(d)(2) provides that the Court may enter an order limiting or prohibiting a non-party's remote electronic access to the court filing where there has been a disclosure of PII; and

WHEREAS, section 107(c)(3)(A) of the Bankruptcy Code provides that the United States Trustee shall have access to all information in any paper filed or submitted in a bankruptcy case;

WHEREAS, the scope of Citi's proposed remediation is nationwide, and the Parties intend the Stipulation to operate nationwide; and

WHEREAS, in accordance with established practice and procedure, the Executive Office for United States Trustees will distribute appropriate information to all regional United States Trustees to effectuate this Stipulation nationwide;

NOW THEREFORE, the Parties do hereby agree, stipulate, and consent as follows, subject to the Court's entry of an Order approving this Stipulation (the "Order"):

Jurisdiction, Venue, and Standing

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in the United States Bankruptcy Court for the Southern District of New York (the "Court" or the "S.D.N.Y.") is proper pursuant to 28 U.S.C. § 1409(a).

2. The United States Trustee for Region 2 has standing to raise the Objection under section 307 of the Bankruptcy Code.

Definitions

3. Unless defined elsewhere herein, the following definitions shall apply:

   a. "Counsel for a Designated Person" shall mean the counsel of record for a Designated Person (as defined herein) in the bankruptcy case that gave rise to the Designated Filing (as defined herein);

   b. "Counsel for a Private Trustee" shall mean the counsel of record for a Private Trustee (as defined herein) in the bankruptcy case that gave rise to the Designated Filing;

   c. "Designated District" shall mean a judicial district in which a Designated Filing exists, other than:

      (i) the S.D.N.Y.;

2

        (ii) the United States Bankruptcy Courts for the Eastern, Middle, and Western Districts of North Carolina and the United States Bankruptcy Courts for the Northern, Middle, and Southern Districts of Alabama.

d. "Designated Filing" shall mean a filing by Citi in which PII was redacted in the manner described in the *Ex Parte* Motion;

e. "Designated Person" shall mean a person in a Designated District (as defined herein) whose PII was redacted in the manner described in the *Ex Parte* Motion;

f. "Non-PII Discrepancy" shall mean any discrepancy or difference between a Designated Filing and the Redacted Filing (as defined herein) that does not result from the redaction of PII;

g. "Private Trustee" shall mean a bankruptcy standing trustee or a bankruptcy trustee appointed to serve in the bankruptcy case that gave rise to the Designated Filing;

h. "Redacted Filing" shall mean a replacement filing that redacts any PII in a corresponding Designated Filing that was imperfectly redacted in the manner described in the *Ex Parte* Motion.

i. "S.D.N.Y." shall mean the Southern District of New York, including Manhattan, White Plains, and Poughkeepsie.

## The S.D.N.Y. Replacement

4. Upon entry of the Order, and pursuant to section 107(c) of the Bankruptcy Code and Rule 9037, the Clerk of this Court shall limit remote electronic access to the S.D.N.Y. Designated Filings.

5. Within two (2) business days of the entry of the Order, Citi shall provide to the S.D.N.Y. Clerk of the Court a Redacted Filing for each S.D.N.Y. Designated Filing. Each Redacted Filing shall be identical in all respects to the S.D.N.Y. Designated Filing it replaces except for the removal of any imperfectly redacted PII caused by the redaction procedure described in the *Ex Parte* Motion, and shall not otherwise overwrite or affect the integrity of the S.D.N.Y. Designated Filings.

6. Nothing in this Stipulation shall affect the rights of the United States Trustee for Region 2, a Designated Person, Counsel for a Designated Person, a Private Trustee, Counsel for a Private Trustee, or the United States Trustee for Region 2 to request access to the S.D.N.Y. Designated Filings in person at, or by writing addressed to, the S.D.N.Y. Clerk of the Court's office, provided that:

    a. in the case of a Designated Person or Counsel for a Designated Person, access to S.D.N.Y. Designated Filings shall be limited to the S.D.N.Y. Designated Filing related to the Designated Person; and

3

    b.    in the case of a Private Trustee and Counsel for a Private Trustee, access to the S.D.N.Y. Designated Filings shall be limited to those S.D.N.Y. Designated Filings in bankruptcy cases for which the Private Trustee served in such capacity.

7. Each Redacted Filing shall be treated as filed on the date of the S.D.N.Y. Designated Filing it replaces, except as provided in Paragraph 8 of this Stipulation.

8. In the event of a Non-PII Discrepancy, the S.D.N.Y. Designated Filing shall control in all respects (including, without limitation, to determine whether a proof of claim was timely filed) and shall be treated as conclusive in resolving any differences between the S.D.N.Y. Designated Filing and its corresponding Redacted Filing. In the event of a Non-PII Discrepancy, the Redacted Filing shall be treated as filed as of the date of the Order.

9. Upon the docketing of the Redacted Filings, the Clerk of Court shall file under seal a "Notice of Docketing" alerting the Court and the Parties that the Redacted Filings are docketed and publicly available.

10. Within twenty (20) days of entry of the Notice of Docketing, Citi shall complete a 100% review of the Redacted Filings and certify to the Court with a copy to the United States Trustee for Region 2 that each Redacted Filing in the S.D.N.Y. is compliant with the requirements set forth in the second sentence of Paragraph 5 of this Stipulation and Rule 9037(a).

11. If Citi cannot certify that 100% of the Redacted Filings are compliant with the requirements set forth in the second sentence of Paragraph 5 of this Stipulation and Federal Rule of Bankruptcy Procedure 9037(a), Citi will file together with its certification a proposed plan of corrective action. The plan of corrective action will provide for completion of the Redacted Filings within twenty (20) days of the date of the certification, and provide a 100% review of the S.D.N.Y. Designated Filings after the correction.

<u>The Auditor</u>

12. Citi will retain, at its expense, an independent auditor (the "Auditor") to review the completeness and sufficiency of Citi's search for and identification of Designated Filings, to verify Citi's proper redaction of the Designated Filings in compliance with the terms of this Stipulation and Order, and to provide reporting to the Court. Citi will pay all costs arising out of the retention of the Auditor, including compensation and reimbursement of expenses to the Auditor and his/her professionals and the preparation and filing of required reports and certifications with this Court.

13. Within ten (10) days of entry of the Order, Citi will propose to the United States Trustee for Region 2 three qualified candidates to serve as the Auditor, subject to the United States Trustee for Region 2's right to veto. If the United States Trustee for Region 2 vetoes one or more of the three initial candidates, Citi will propose the same number of additional qualified candidates, subject to the United States Trustee for Region 2's right to veto, until the parties agree on three candidates to submit to this Court. The United

4

States Trustee for Region 2 and Citi will propose and confer concerning the candidates in good faith and agree upon the candidates within three (3) days of the initial proposal. Within fifteen (15) days of entry of the Order, Citi will file an *ex parte* motion under seal (a copy of which will be provided to the United States Trustee for Region 2) requesting that the Court select and approve the retention of an Auditor from among the three candidates.

14. Each candidate shall be independent, shall not be, and shall not have been within the two (2) years before the date of the Order, an equity security holder, director, officer, employee, or agent of Citi.

15. Each candidate must be a highly qualified and respected person with a reputation that will garner public confidence and be suitable for the tasks required under this Stipulation. At a minimum, each candidate and his/her professionals will, collectively, possess professional qualifications, expertise and skills in the following areas: privacy protection, information security, and data protection. The Auditor will be entitled to retain professionals with the professional qualifications, expertise, and skills appropriate to the tasks required under this Stipulation.

16. Any professionals retained by the Auditor shall not be, and shall not have been within the two (2) years before the date of the Order, an equity security holder, director, officer, employee, or agent of Citi.

17. The Auditor and any professionals he/she retains will disclose to this Court any connections they have to Citi, its subsidiaries, directors, or officers in the manner provided under section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

18. The Auditor and his/her firm or employer, including any law partnership or corporation or accounting partnership or corporation, must agree not to be retained by Citi, or its successors or assigns, for a period of 2 years after the conclusion of the terms of this engagement, and any professionals retained by the Auditor must agree not to be retained by Citi, or its successors or assigns, for a period of 1 year after the conclusion of the terms of this engagement, unless the United States Trustee for Region 2 shall consent to such retention, which consent shall not be unreasonably withheld.

19. The Auditor will cooperate fully with and may communicate with the United States Trustee for Region 2 and any federal, state, or local governmental agency, including responding to reasonable requests for information related to the implementation of and the compliance with the terms of this Stipulation and the Order approving the Stipulation, subject to applicable federal and state law.

20. Upon the Court's approval of the Auditor, and subject to appropriate confidentiality restrictions, Citi shall provide the Auditor with a list (the "List") of all cases in the S.D.N.Y. and the Designated Districts that contain a Designated Filing. Such list shall include the district of the bankruptcy court, the name of the Debtor(s), the bankruptcy case number, and the electronic hyperlink for each Designated Filing.

### The Designated Districts

21. Within one hundred and twenty (120) days of the last certification provided pursuant to Paragraph 11, Citi shall file under seal an *ex parte* motion and proposed order in each Designated District (each a "Subsequent Motion"), pursuant to section 107(c) of the Bankruptcy Code and Rule 9037, to, *inter alia*, limit or prohibit remote electronic access to the Designated Filings in each Designated District. The proposed orders accompanying the Subsequent Motions shall require that each Redacted Filing be identical in all respects to the Designated Filing it replaces except for the removal of any imperfectly redacted PII caused by the redaction procedure described in the *Ex Parte* Motion, and shall not otherwise overwrite or affect the integrity of the Designated Filing.

22. The proposed orders accompanying the Subsequent Motions shall provide that access to the Designated Filings in each Designated District shall be restricted in the same manner as set forth in Paragraphs 4 and 6 above.

23. Citi shall serve a copy of each Subsequent Motion on the United States Trustee responsible for the associated Designated District. The United States Trustee for Region 2 (with respect to the S.D.N.Y. and all Designated Districts within Region 2), and the United States Trustees for each Designated District, agree that the United States Trustees will not oppose any provision in a Subsequent Motion or proposed order that is consistent with this Stipulation; PROVIDED that Citi shall also include in the Subsequent Motions and proposed orders (i) a provision that in the event of a Non-PII Discrepancy, the Designated Filing shall control in all respects, including, without limitation, to determine whether a proof of claim was timely filed and shall be treated as conclusive in resolving any Non-PII Discrepancy; (ii) a provision that in the event of a Non-PII Discrepancy, the Redacted Filing shall be treated as filed as of the date the court in the associated Designated District grants the Subsequent Motion; and (iii) a provision that, as provided in Paragraph 37, Citi and the United States Trustee shall file a joint motion to unseal pleadings in the S.D.N.Y. within thirty (30) days after certification that a Notice has been sent to all Designated Persons that Citi can reasonably identify; and PROVIDED FURTHER that Citi has not breached or otherwise violated the Order, or, if such a breach or violation has occurred, such breach or violation has not been remedied by Citi or waived in writing by the United States Trustee for Region 2, acting in her reasonable discretion.

### The Auditor's Search and Redaction Certification

24. Within thirty (30) days of its receipt from Citi of written notice that all of the Redacted Filings have been docketed and are publicly available in all of the Designated Districts, the Auditor shall certify in writing to the Court under seal and to the Parties (the "Auditor's Certification"), that:

    a. Citi's search for and identification of the Designated Filings in the S.D.N.Y. and the Designated Districts was reasonable and the Auditor does not have reason to believe that the List is incomplete;

6

    b.    A Redacted Filing has been timely docketed and is publicly available for each Designated Filing in all Designated Districts;

    c.    Each Redacted Filing in all Designated Districts is identical in all respects to the Designated Filing it replaces except for the removal of any PII redacted in the manner described in the *Ex Parte* Motion, and Citi has not otherwise overwritten or affected the integrity of the Designated Filings.

25.    In the United States Bankruptcy Court for the Southern District of California, the Auditor's Certification shall be based upon a 100% review of the Redacted Filings. For all other Designated Districts, the Auditor shall be permitted to base the Auditor's Certification on a statistically relevant sample of the Designated Filings in each Designated District with a margin of error of 2% that is not less than 50 Designated Filings (the "Designated Audit Sample"). If the Auditor confirms within the Designated Audit Sample incidents of non-compliance with, or a breach of the obligations set forth in the Stipulation, and the aggregate of such incidents is less than 2% of the Designated Audit Sample, the Auditor shall be permitted to provide the Auditor's Certification. If the Auditor confirms within the Designated Audit Sample incidents of non-compliance with the obligations set forth in the Stipulation, and the aggregate of such incidents equals or exceeds 2% of the Designated Audit Sample, Citi shall prepare and file under seal with the Court, with a copy to the United States Trustee for Region 2, a plan of corrective action to review and remediate the Designated Filing(s) in such Designated District(s) that were subject to such non-compliant Designated Audit Sample, and the Auditor shall thereafter re-sample a similarly sized Designated Audit Sample for such Designated District(s) using the standards set forth in this Paragraph until the Auditor confirms within such Designated Audit Sample incidents of non-compliance with the obligations set forth in the Stipulation are in the aggregate less than 2% of the Designated Audit Sample. Citi agrees to correct any Redacted Filings identified in writing by the Auditor as not being in compliance with the terms of this Stipulation.

26.    The Auditor may extend the 30-day deadline for providing the Auditor's Certification upon an *ex parte* application filed under seal made to, and with the permission of this Court, with a copy of the application served only on Citi and the United States Trustee for Region 2.

### The List of Designated Filings

27. Within five (5) business days of the Auditor's Certification, Citi shall provide the List to the United States Trustee for Region 2.

28. The List shall be treated by the United States Trustee for Region 2 as "confidential" and shall not be disclosed or otherwise disseminated beyond the United States Department of Justice, except as follows:

    a. Nothing contained in this Stipulation or in the Order shall prevent or in any way limit or impair the right of the United States Trustee for Region 2 to use and/or disclose the List or information contained therein pursuant to section 307 of the Bankruptcy Code or in furtherance of statutory duties under 28 U.S.C. § 586, or to disclose the List to any agency or department of the United States, or any division of any such agency or department, or any other state or local government agency, relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Stipulation prevent or in any way limit or impair the use of the List by any agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction;

    b. Nothing contained in this Stipulation or in the Order shall prevent or in any way limit or impair the right or obligation of the United States Trustee for Region 2 to provide the List or information contained therein to the Congress pursuant to a Congressional request; provided, however, that the United States Trustee for Region 2 shall notify the Congressional entity requesting the documents that the List has been produced pursuant to this Stipulation and shall if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify Citi of the Congressional entity's request and the response of the United States Trustee for Region 2 thereto;

    c. Nothing contained in this Stipulation or in the Order shall prevent or in any way limit or impair the obligation of the United States Trustee for Region 2 to provide the List or information contained therein pursuant to a subpoena or Court order; provided, however, that the United States Trustee for Region 2 will provide to Citi as much notice as is practicable or is otherwise consistent with applicable law prior to the disclosure; and

    d. If a third party requests disclosure of the List or information contained therein, the United States Trustee for Region 2, will protect the List from disclosure to the fullest extent permitted by applicable law, including the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. If applicable law requires disclosure of the List or the information contained therein, the United States Trustee for Region 2 will provide to Citi as much notice as is practicable or is otherwise consistent with such law prior to the disclosure.

8

### The Notice

29. Within thirty (30) days of the Auditor's Certification, or by such earlier date selected by Citi, Citi shall mail a notice in substantially the form set forth at Appendix I hereto (the "Notice") by first-class mail to each Designated Person that Citi can reasonably identify (the "Notice Parties"). Upon prior written notice to the United States Trustee for Region 2, Citi may supplement or otherwise modify the form of Notice at any time as it deems necessary; provided, however, that Citi shall not modify or amend any material provision of the Notice without the prior consent of the United States Trustee for Region 2, such consent not to be unreasonably withheld.

30. For any Notice Party that is a current Citi customer or is a non-debtor co-obligor of a current Citi customer, Citi may rely on the address associated with that current customer or non-bankrupt co-obligor, as applicable, in its own business records to the extent it would do so in the ordinary course of business.

31. In the event (i) a Notice Party is not a current Citi customer or a non-debtor co-obligor of a current Citi customer or (ii) a Notice delivered in accordance with Paragraph 30 is returned to Citi as undeliverable, Citi shall deliver the Notice to the last known address of the relevant Notice Party utilizing the National Change of Address Database.

32. Each Notice Party is entitled to the Notice and shall receive the Notice regardless of the fact that more than one Notice Party resides at the same address.

33. The Notice shall include a provision whereby Citi will offer to each Designated Person credit monitoring at no cost to the Designated Person for a period of twelve (12) months. A Designated Person shall have one hundred and twenty days (120) days from the date of the Notice to accept this offer. Such monitoring shall begin as of the date Citi is informed that the Designated Person accepts this offer. The credit monitoring service provided will consist of credit monitoring from at least one of the three major creditor bureaus and will provide (if the Designated Person requests) email alerts to the Designated Person of critical changes in the individual's credit reporting information throughout the twelve month time period.

34. Citi shall pay all costs associated with the Notice and shall complete the mailing in fifteen (15) days.

### The Notice Certification

35. Within sixty (60) days of Citi's completion of mailing the Notice, the Auditor shall certify in writing to this Court, the Courts in the Designated Districts, the United States Trustee for Region 2, and the United States Trustee for each Designated District that a Notice has been sent to all Notice Parties (the "Notice Certification").

9

36.    With respect to each such Notice Party for whom Citi cannot locate a current address as of the date of the Notice Certification by using the means set forth above, Citi shall identify, in an appendix to the Notice Certification, the name of each such Notice Party, the district of the applicable bankruptcy court, the name of the applicable Debtor(s) (if different from the Notice Party's name), and the applicable bankruptcy case number (the "Notice Appendix"). Citi may supplement the Notice Appendix, as appropriate, to reflect additional Notice Parties for whom Citi could not effectuate a mailing.

### The Unsealing

37.    Within thirty (30) days after filing the Notice Certification, Citi and the United States Trustee for Region 2 shall file with this Court, on the docket of the above-captioned proceeding, a joint motion to unseal pleadings filed in the above-captioned proceeding. In the event this Court grants such motion, the date of the order granting the motion shall be known as the "Unsealing Date;" provided, however, that the Motions and any other pleadings or materials in the above-captioned proceeding, as agreed to by the United States Trustee for Region 2 and Citi, shall be redacted to conceal the manner used to redact PII that is described in the *Ex Parte* Motion and any other information that the United States Trustee for Region 2 and Citi reasonably agree should not be publicly disclosed. The United States Trustee for Region 2 shall retain access to the unredacted versions of all pleadings that remain sealed in accordance with section 107(c)(3) of the Bankruptcy Code.

38.    Within thirty (30) days after the Unsealing Date, Citi shall move to unseal the pleadings filed in each Designated District.

39.    Within thirty (30) days after the Unsealing Date, the Auditor shall file a certification with the Court, with a copy to the United States Trustee for Region 2, that Citi has moved to unseal the pleadings in each Designated District.

### Notice to Regulatory Agencies

40.    By signing this agreement, Citi certifies that it has complied, and will continue to comply, with all notice and reporting requirements imposed by any and all governmental agencies that have regulatory oversight duties with respect to Citi relating to the disclosure of PII or unauthorized access to customer information maintained by Citi. To the extent required by such notice and reporting requirements, Citi shall provide a copy of the Stipulation and Order to any such governmental agency.

### Miscellaneous

41.    The United States Trustee for Region 2's agreement to this Stipulation shall bind her successor or any person designated as the Acting United States Trustee for Region 2.

42. All notices and other communications required or permitted to be given under this Stipulation to the United States Trustee for Region 2 or to Citi shall be in writing (which shall include e-mail, except that all certifications referred to herein shall be delivered by e-mail only as attachments thereto) to the address set forth below or to such other addresses specified by the applicable party:

If to the United States Trustee for Region 2:

Tracy Hope Davis
United States Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, New York 10004
USTP.Region02@ust.doj.gov

With a copy to:

Linda A. Riffkin
Assistant United States Trustee (Manhattan Office)
For the Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004
USTP.Region02@ust.doj.gov


If to Citi:

Richard J. Carroll
Citibank, N.A.
General Counsel for Consumer Litigation
300 St. Paul Place
Baltimore, Maryland 21202
carrollr@citi.com

With copies to:

Brian S. Hermann
Jacob A. Adlerstein
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
bhermann@paulweiss.com
jadlerstein@paulweiss.com

11

43. Citi shall bear costs or fees that may be imposed on Citi in the carrying out of its obligations under this Stipulation including, but not limited to, costs or fees imposed as a result of, or incidental to, limiting access to the Designated Filings or reopening closed cases.

44. Citi represents that it has taken all steps reasonably necessary to prevent a recurrence of the imperfect redaction of PII caused as a result of the redaction procedure described in the *Ex Parte* Motion.

45. If any time period set forth in this Stipulation expires on a Saturday, Sunday or legal holiday, such time period shall continue to run until the end of the next day that is not a Saturday, Sunday or legal holiday.

46. Within thirty (30) days of demand, Citi shall reimburse the United States Trustee for Region 2 as appropriate for all reasonable and documented expenses associated with the involvement of the United States Trustee for Region 2, her employees, and employees of the United States Trustee Program from the date of the Order to the Unsealing Date. Expense categories shall include travel costs, document copying costs, and filing fees, if any, expended by the United States Trustee Program in every Designated District, and other similar or related costs or expenses.

47. This Stipulation resolves all matters in dispute between the United States Trustee for Region 2 and Citi arising from the facts and circumstances alleged in the Motions and in the Objection up to the date of the Order. This Stipulation shall not prejudice, resolve, discharge or settle the rights and claims of the United States Trustee for Region 2 against Citi other than those rights and claims that arise from or are related to the redaction of PII in the Designated Filings using the redaction procedure described in the *Ex Parte* Motion, as specifically provided for in this Stipulation and disclosed on the List.

48. This Stipulation shall bind Citi, its successors, officers, agents, employees, assigns and others to the extent provided in Fed. R. Civ. P. 65(d) and Rule 7065(d). Citi shall remain bound by the terms of this Stipulation, notwithstanding the sale, assignment, or other transfer of any account for which Citi filed a Designated Filing.

49. Except as otherwise specifically provided herein, this Stipulation does not bind or prejudice the rights and/or claims of any non-party against Citi, including the rights of the Designated Persons and other governmental entities (federal, state, or local) to commence or litigate to conclusion any appropriate enforcement actions or the right of Citi to oppose or otherwise defend against any such actions.

50. Citi agrees to waive and not raise any defense related to laches, equitable estoppel, delay in prosecution, or assert any defense related to any statute of limitations insofar as the basis for the defense relates to the difference in timing between the filing of the Redacted Filing and the date of receipt of Notice by a Notice Party.

51. Except as specifically provided in Paragraph 37, this Stipulation does not prejudice the rights of Citi, the United States Trustee for Region 2, or the United States Department of Justice to use or disseminate any information contained in this Stipulation or filed with

12

this Court after the Unsealing Date. To protect the privacy of the Designated Persons and Citi, the United States Trustee for Region 2, and the United States Department of Justice shall refrain from identifying this Court, the names of the Designated Persons, or Citi as the specific entity subject to this Stipulation until after the Unsealing Date.

52. This Court shall retain exclusive jurisdiction of this matter for all purposes, including the construction, modification and enforcement of this Stipulation, as well as to hear and adjudicate any motions for its enforcement or contempt related thereto. Citi has waived any right to appeal the Order or otherwise challenge the jurisdiction of the Court.

53. In the event the United States Trustee for Region 2 determines that Citi is in violation of this Stipulation, she shall provide written notice of such violation to Citi and provide Citi thirty (30) days to cure or otherwise purge the conduct deemed by the United States Trustee for Region 2 to constitute the violation prior to the filing of any motion to enforce this Stipulation in this Court. For the avoidance of doubt, Citi shall not be in breach or violation of this Stipulation if a Designated District does not approve a Subsequent Motion, does not act in a timely manner with respect to a Subsequent Motion, or otherwise fails to properly implement the relief sought pursuant to a Subsequent Motion, including, without limitation, with respect to the proper docketing of any Redacted Filing.

54. Citi and the United States Trustee for Region 2 agree that should the Court deny approval of this Stipulation for any reason, the parties shall be free to proceed with the prosecution of the merits of the issues raised in the Motions and the Objection as they see fit.

55. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall, taken together, be considered one and the same Stipulation, it being understood that all signatories need not sign the same counterpart. Copies of executed counterparts transmitted by facsimile or other electronic transmission means shall be considered original executed counterparts.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the undersigned have caused this Stipulation to be executed as of March 12, 2012.

CITIGROUP, INC., on behalf of itself and its affiliates and subsidiaries set forth above

By: /s/ Michael Zuckert
    Name: Michael Zuckert
    Title: Deputy General Counsel

THE UNITED STATES TRUSTEE FOR REGION 2

By: /s/ Tracy Hope Davis
    Name: Tracy Hope Davis, Esq.
    Title: United States Trustee

SO ORDERED, this 13th day of March, 2012

/s/ Cecelia G. Morris
Honorable Cecelia G. Morris
Chief United States Bankruptcy Court Judge

EXECUTION VERSION

## APPENDIX I

**Customer Notification Letter**

P.O. Box 630919
Irving, TX 74063-0919

Date

Bar Code
Consumer Name
Consumer Address
Consumer City, State, Zip Code

*Please read this letter carefully and in full as it contains information important to you.*

Dear

    This letter is to inform you of a matter involving your personal information. You are receiving this letter because you are currently, or were previously, a party in a bankruptcy proceeding involving a loan from Citi. Citi filed legal documents in court related to that loan in which certain personally identifiable information was, pursuant to court rules, intended to be ▇▇▇▇▇▇▇▇▇▇▇ from the publicly available versions of the documents to prevent access to that personally identifiable information by members of the public who search electronic court records.

    Citi recently discovered that, because of a ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ the information could be exposed and read ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Citi is not aware of any instances in which this actually happened, or where this personal information was misused, and we believe the risk of unauthorized access or misuse for identity theft or other harmful purposes is low. However, Citi is taking steps to reduce this potential exposure by permanently restricting access to the relevant filings and substituting new court filings in which the personally identifiable information is permanently concealed.

    As a precaution, we have arranged for you, at your option, to enroll in a credit monitoring service at no cost to you for one year. If relevant, you may also be able to enroll in credit monitoring for anyone in your household who may have been a co-obligor with you on a loan or credit agreement. To activate this coverage, please call the toll-free number or visit the website listed below and enter the following redemption code by **[120 days from letter date]**:

Toll-Free Number:        XXX-XXX-XXXX
Website:                 www.identityguard.com/alert
Redemption Code(s):      XXXXXXXXXXXX    XXXXXXXXXXXX

Additionally, although we believe that the likelihood of unauthorized access to and misuse of your personal information is low, we nonetheless recommend that you remain vigilant and regularly review your account statements, credit card bills and your credit report for any unauthorized activity. Promptly report incidents of suspected identity theft or fraud to your local law enforcement agency, your state Attorney General's Office, the Federal Trade Commission, your financial institution(s) and to one of the three nationwide consumer reporting agencies listed below to have it removed from your credit file.

You may contact the fraud departments of the three major credit reporting agencies to discuss your options. You have the right to place a free 90-day fraud alert on your credit file. A fraud alert lets creditors know to contact you before opening new accounts. It also may delay your ability to obtain credit. To place a fraud alert on your credit report contact the three credit reporting agencies below. Please note, if you plan on signing up for the complimentary service outlined above we recommend that you do not place a fraud alert until after enrollment.

| Experian | Equifax | TransUnion |
| --- | --- | --- |
| (888) 397-3742 | (877) 478-7625 | (800) 680-7289 |
| P.O. Box 9532 | P.O. Box 740241 | P.O. Box 6790 |
| Allen, TX 75013 | Atlanta, GA 30374-0241 | Fullerton, CA 92834-6790 |
| www.experian.com | www.equifax.com | www.transunion.com |

You can obtain a free copy of your credit report from each of the three nationwide consumer reporting agencies by calling 1-877-322-8228 or online at: www.annualcreditreport.com. Under federal law, you are entitled to one free copy of your credit report every 12 months from each of the three major credit reporting agencies. You may want to obtain copies of your credit report to ensure the accuracy of the report information.

To learn more about protecting yourself from identity theft and to report incidents of identity theft, please contact the Federal Trade Commission:

**Federal Trade Commission**
1-877-ID-THEFT (1-877-438-4338)
Consumer Response Center
600 Pennsylvania Avenue, NW
Washington, DC 20580
www.consumer.gov/idtheft, or www.ftc.gov/credit

We regret this incident and can assure you that Citi has implemented new procedures to prevent its recurrence. If we can be of further assistance to you or provide you with any additional information, please do not hesitate to call us toll free at 1-866-613-5636.

Sincerely,

Customer Service